UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FLORA BELLAMY | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-310 |
| | ) | |
| NATIONAL TEXTILES, LLC | ) | |
| | ) | |

**O R D E R**

      The plaintiff's complaint, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination Employment Act of 1967, is before the Court to address a motion for summary judgment filed by the defendant. [Doc. 11]. Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a summary judgment motion, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Inds. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a manner of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986); *Vaughn v. Watkins Motor Lines, Inc.*, 291 F. 3d 900, 903 (6th Cir. 2002).

The defendant submits that it is entitled to summary judgment on the plaintiff's discrimination claims, insisting that the plaintiff cannot set forth a *prima facie* case of discrimination, in that she cannot establish an essential element of her claim that she was qualified for the job from which she was terminated, as required by the *McDonnell Douglas* analysis. *See Bush v. Dictaphone Corp.*, 161 F. 3d 363, 368 (6th Cir. 1998). The defendant further argues that, even if the plaintiff could establish a *prima facie* case of discrimination, the defendant has submitted a legitimate, non-discriminatory reason for the plaintiff's termination, which the plaintiff cannot rebut. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

Considering the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences, the Court finds that there is a material dispute of facts as to whether the plaintiff was qualified for her job from which she was terminated. The Court further finds that there is a material dispute of facts as to whether the legitimate non-discriminatory reason proffered by the defendant for the plaintiff's termination is merely pretext for a discriminatory reason. Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment is **DENIED**. The Court further finds that, in light of the Court's holding, the plaintiff's objection to the defendant's summary judgment

reply is **MOOT**.  [Doc. 20].

Pursuant to LR 16.4 of the Local Rules of the United States District Court for the Eastern District of Tennessee it is hereby **ORDERED** that this case proceed to mediation by April 15, 2005.  The parties shall report on the results of the mediation on or before April 18, 2005.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE